IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| **JOSE CRUZ ZAFRA,** § | |
| Petitioner, § | |
| § | |
| v. § | EP-25-CV-00541-DB |
| § | |
| **KRISTI NOEM,** *Secretary of the United* § | |
| *States Department of Homeland Security, et* § | |
| *al.,* § | |
| Respondents. § | |

**ORDER**

On this day, the Court considered the above-captioned case. On November 12, 2025, Petitioner Jose Cruz Zafra's ("Petitioner") filed a "Petition for Writ of Habeas Corpus and Complaint for Emergency Injunctive Relief" ("Petition"), filed on November 12, 2025, ECF No.[1] 1. In his Petition, Petitioner asked this Court to "A. [a]ssume jurisdiction over this action; B. [o]rder Respondents not to transfer Petitioner out of the Western District of Texas during the pendency of these proceedings to preserve jurisdiction and access to counsel; C. [d]eclare that Respondents' actions to detain Petitioner violate the Due Process Clause of the Fifth Amendment and violates the Immigration and Nationality Act; D. [i]ssue a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 and order Respondents to schedule a bond hearing for Petitioner's removal proceedings within 5 days of the order and accept jurisdiction to issue a bond order; E. [a]ward reasonable attorneys' fees and costs for this action; and F. [g]rant such further relief as the Court deems just

---

[1] "ECF No." refers to the Electronic Case Filing ("ECF") number for documents docketed in this matter. When a discrepancy exists between page numbers on filed documents and page numbers assigned by the ECF system, the Court will use the page numbers assigned by the ECF system.

and proper." *Id.* at 19. On November 24, 2025, the Court issued its memorandum order and opinion wherein the following orders issued:

> IT IS HEREBY ORDERED the Petitioner Jose Cruz Zafra's "Petition for Writ of Habeas Corpus and Complaint for Emergency Injunctive Relief," ECF No. 1, is GRANTED IN PART. IT IS FURTHER ORDERED Respondents SHALL PROVIDE Petitioner with a bond hearing before an immigration judge no later than November 26, 2025 at which the government shall bear the burden of justifying, by clear and convincing evidence, the dangerousness or flight risk for Petitioner's continued detention; or (2) release Petitioner from custody, under reasonable conditions of supervision, during the pendency of his removal proceedings. IT IS FURTHER ORDERED Respondents SHALL FILE an advisory informing the Court when the bond hearing will be held in accordance with the preceding order no later than November 24, 2025. IT IS FINALLY ORDERED Respondents SHALL FILE an advisory informing the Court, in detail, of the reasons for the IJ's bond hearing decision no later than December 1, 2025.

ECF No. 10 at 12. On December 1, 2025, Respondents filed an "Federal Respondents' Advisory to the Court," ECF No. 12, stating that "pursuant to the Court's order (ECF No. 10), Federal Respondents advise the Court an immigration judge granted Petitioner release from custody upon payment of a $5,000 bond. Exh. A at 1; ECF No. 10 at 12." ECF No. 12 at 1.

Accordingly, **IT IS HEREBY ORDERED** the parties **SHALL CONFER AND FILE** a notice informing the Court whether any matters remain to be resolved in this case by **no later than December 5, 2025.**

**SIGNED** this **1st** day of **December 2025**.

_____
THE HONORABLE DAVID BRIONES
SENIOR UNITED STATES DISTRICT JUDGE